PAUL H. DEESE (State Bar No. 301328)
SHANE T. MICHEIL (State Bar No. 312460)
LS Carlson Law
A Professional Law Corporation
85 Enterprise, Suite 310
Aliso Viejo, CA 92656
Telephone: (949) 421-3030
Telecopier: (949) 421-3031
*service@lscarlsonlaw.com*

Attorneys for Plaintiff AIDP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIDP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRILAND GROUP, INC , a California corporation, and DOES 1-20,<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff AIDP, Inc. ("AIDP") hereby alleges as follows:

## PARTIES

1. AIDP is a corporation organized and existing under the laws of the State of California and doing business in the State of California. At all relevant times, AIDP has held by assignment all rights, title, and interest in the below-described patents and trademarks. AIDP's principal place of business is located at 19535 East Walnut Drive South, City of Industry, California 91748.

2. AIDP alleges on information and belief that Defendant Nutriland Group, Inc. ("Nutriland") is a corporation organized under the laws of California and doing business in the State of California. AIDP alleges on information and belief that

Nutriland's corporate headquarters are at 6439 Alondra Blvd., Paramount, California 90723.

2.1. AIDP alleges on information and belief that at all relevant times, each named, and unnamed defendant was the agent and/or employee of the other co-defendants, and at all times, each defendant was and is acting within the purpose and scope of such agency and/or employment and with the permission and consent of his/her/its co-defendants with knowledge, authorization, permission, consent, and/or subsequent ratification and approval of each co-defendant. AIDP alleges on information and belief that each named and unnamed defendant knowingly and willfully conspired and agreed among themselves to deprive AIDP of their rights and cause damages to AIDP.

3. AIDP is ignorant of the true names of the defendants sued as DOES 1 through 20 inclusive, and therefore sue those defendants under such fictitious names. AIDP alleges on information and belief that each of the fictitiously named defendants are responsible in some manner for the actions and inactions below. AIDP will amend this Complaint when it learns the true identities of any DOES.

## NATURE OF THE ACTION

4. This is a civil action for patent infringement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under the laws of the United States, 35 U.S.C. § 271, 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Nutriland and venue is also proper under 28 U.S.C. § 1400(b) because Nutriland is incorporated in the State of California and its principal place of business is in this district.

## BACKGROUND ALLEGATIONS

7. AIDP is a leading developer, marketer, and distributor of functional ingredients with a focus on extensively researched products for wellness and healthy aging. AIDP markets and distributes a variety of branded ingredients for numerous

health conditions including cognitive, digestive, and bone issues. AIDP is also a leader in plant-based proteins and encapsulation technology.

8. One of AIDP's most successful branded products is the Magtein® ("Magtein") ingredient, which is comprised of Magnesium L-Threonate. Magnesium L-Threonate is proven to be the only form of magnesium that can cross the blood brain barrier to increase brain synaptic density by rejuvenating neural cells. Studies show that Magnesium L-Threonate has a demonstrated effect on cognitive functions such as short-term and long-term memory improvement, increased learning and recognition ability, as well as decreased anxiety.

9. Neurocentria, Inc. dba Magceutics, Inc. ("Magceutics") designed and developed Magtein and protected its rights to Magtein, including various uses of Magnesium L-Threonate, through numerous patents issued by the United States Patent and Trademark Office (the "USPTO"), as described more fully below (the "Magtein Patents"). True and correct copies of the Magtein Patents are attached to this Complaint as **Exhibits "A" through "J."**

10. Magceutics then granted AIDP the exclusive license to market, sell, and distribute Magtein. Magceutics further assigned to AIDP the rights to protect and enforce its proprietary ownership over the uses of Magnesium L-Threonate covered by the Magtein Patents.

## THE MAGTEIN PATENTS

11. The composition and uses of Magnesium L-Threonate, which is the subject of Nutriland's infringement, are protected by 10 different patents, discussed more particularly below.

12. On September 8, 2015, the USPTO duly and lawfully issued United States Patent No. 9,125,878 (the "'878 Patent"), entitled "Magnesium compositions and uses thereof for neurological disorders." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '878 Patent, and holds the right

to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '878 Patent is attached as **Exhibit "A."**)

13. On May 27, 2014, the USPTO duly and lawfully issued United States Patent No. 8,734,855 (the "'855 Patent"), entitled "Slow release magnesium composition and uses thereof." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '855 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '855 Patent is attached as **Exhibit "B."**)

14. On January 28, 2014, the USPTO duly and lawfully issued United States Patent No. 8,637,061 (the "'061 Patent"), entitled "Magnesium compositions and uses thereof for neurological disorders." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '061 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '061 Patent is attached as **Exhibit "C."**)

15. On June 25, 2013, the USPTO duly and lawfully issued United States Patent No. 8,470,352 (the "'352 Patent"), entitled "Magnesium compositions and uses thereof for metabolic disorders." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '352 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '352 Patent is attached as **Exhibit "D."**)

16. On February 19, 2013, the USPTO duly and lawfully issued United States Patent No. 8,377,473 (the "'473 Patent"), entitled "Slow release magnesium composition and uses thereof." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '473 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '473 Patent is attached as **Exhibit "E."**)

17. On May 15, 2012, the USPTO duly and lawfully issued United States Patent No. 8,178,133 (the "'133 Patent"), entitled "Magnesium compositions and uses

thereof." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '133 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '133 Patent is attached as **Exhibit "F."**)

18. On May 15, 2012, the USPTO duly and lawfully issued United States Patent No. 8,178,132 (the "'132 Patent"), entitled "Magnesium-containing food compositions." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '132 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '132 Patent is attached as **Exhibit "G."**)

19. On May 15, 2012, the USPTO duly and lawfully issued United States Patent No. 8,178,118 (the "'118 Patent"), entitled "Magnesium compositions and uses thereof for cognitive function." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '118 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '118 Patent is attached as **Exhibit "H."**)

20. On April 24, 2012, the USPTO duly and lawfully issued United States Patent No. 8,163,301 (the "'301 Patent"), entitled "Magnesium compositions and uses thereof." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '301 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '301 Patent is attached as **Exhibit "I."**)

21. On March 27, 2012, the USPTO duly and lawfully issued United States Patent No. 8,142,803 (the "'803 Patent"), entitled "Magnesium compositions and uses thereof for neurological disorders." AIDP, through its assignor, Magceutics, is the owner by assignment of all right, title, and interest in the '803 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. (A true copy of the '803 Patent is attached as **Exhibit "J."**)

22. On or around April 17, 2018, AIDP sent Nutriland written notice of AIDP's intellectual property rights in the Magtein Patents via electronic mail. On or around April 18, 2018, Nutriland responded via electronic mail asking for the patent information regarding Magnesium L-Threonate, to which AIDP responded and informed Nutriland that it would refer the matter to its attorneys.

23. On or around April 18, 2018, Nutriland again responded to AIDP via electronic mail stating "We never pay attention for using/application for any ingredients as a ingredients distributor. We will tell customer that it has patent for its using in future if customer ask it again. you [sic] may let your lawyer send us official notice and your patent as our record." Based on this assurance from Nutriland, AIDP decided to not pursue the issue further.

24. However, on or around February 25, 2021, and after reviewing import manifests, AIDP learned that Nutriland was again importing Magnesium L-Threonate. Thus, on or around March 9, 2021, AIDP's counsel sent Nutriland a written cease and desist notice via certified and U.S. Mail.

25. On or around March 15, 2021, AIDP's counsel received a letter from Michael Ma, Manager of Nutriland, which stated that Nutriland was in receipt of AIDP's cease and desist letter dated March 9, 2021 and requested additional information from AIDP regarding the Magtein Patents.

26. On April 5, 2021, AIDP's counsel sent Mr. Ma an electronic mail message containing a hyperlink to a folder on www.dropbox.com that contained copies of the Magtein Patents. The electronic mail message also reiterated that Nutriland is in violation of the Magtein Patents and again requested that Nutriland cease and desist its infringing operations immediately.

27. Following a short chain of electronic mail messages back and forth between AIDP's counsel and Mr. Ma between April 9, 2021 and April 12, 2021, it became readily apparent to AIDP that Nutriland was not going to recognize AIDP as the

holder of the exclusive license to market, sell, and distribute Magtein, nor was Nutriland going to cooperate with AIDP's cease and desist letter.

## DEFENDANTS' INFRINGING PRODUCT

28. Nutriland touts itself on its website, www.nutrilandgroup.com, as "a worldwide bulk ingredients supplier for the health food industry." AIDP alleges on information and belief that Nutriland purchases and imports raw ingredients and then resells the raw ingredients to its client buyers who then use those raw ingredients to create their products.

29. AIDP is informed and believes that Nutriland offers for sale and sells raw Magnesium L-Threonate to its customers.

30. AIDP is informed and believes that Nutriland purchases and imports Magnesium L-Threonate from at least one foreign supplier, Nanjing Chrise Medical Material Co. Ltd. ("Nanjing Chrise"), and that Nutriland received an import of Magnesium L-Threonate from Nanjing Chrise as recently as January 2021. Upon receiving the Magnesium L-Threonate ingredient from Nanjing Chrise, Nutriland then marketed and resold Magnesium L-Threonate to its customers here in the United States.

31. AIDP is informed and believes that Nutriland sold Magnesium L-Threonate to at least one customer, Maypro Industries, Inc., a New York corporation. AIDP is informed and believes that Nutriland has subsequently sold and continues to sell Magnesium L-Threonate to its other customers located throughout the United States.

32. AIDP typically allows others to produce and distribute Magnesium L-Threonate in a non-infringing manner pursuant to a written licensing agreement conditioned on the purchase of Magtein from AIDP. AIDP alleges on information and belief that rather than lawfully purchasing and reselling Magnesium L-Threonate, Nutriland seeks to increase profit margins by buying a less expensive generic version of Magnesium L-Threonate manufactured in China, which it imports to the United States

for resale to United States-based customers. In other words, Nutriland believes it is more lucrative to infringe on the Magtein Patents rather than obtaining and reselling Magnesium L-Threonate through lawful channels.

**FIRST COUNT**

**(For Infringement of the '878 Patent Against Defendants [35 U.S.C. § 271])**

33. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

34. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '878 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

35. AIDP provided Nutriland with actual knowledge of the '878 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '878 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

36. Nutriland's acts of infringement of the '878 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

37. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

38. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '878 Patent.

39. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

39.1. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

**SECOND COUNT**

**(For Infringement of the '855 Patent Against Nutriland [35 U.S.C. § 271])**

40. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

41. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '855 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

42. AIDP provided Nutriland with actual knowledge of the '855 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '855 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

43. Nutriland's acts of infringement of the '855 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

44. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

45. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of

and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '855 Patent.

46. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

47. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## THIRD COUNT

### (For Infringement of the '061 Patent Against Nutriland [35 U.S.C. § 271])

48. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

49. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '061 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

50. AIDP provided Nutriland with actual knowledge of the '061 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '061 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

51. Nutriland's acts of infringement of the '061 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

52. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

53. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '061 Patent.

54. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

55. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## **FOURTH COUNT**

**(For Infringement of the '352 Patent Against Nutriland [35 U.S.C. § 271])**

56. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

57. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '352 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

58. AIDP provided Nutriland with actual knowledge of the '352 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '352 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

59. Nutriland's acts of infringement of the '352 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

60. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been

damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

61. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '352 Patent.

62. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

63. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## FIFTH COUNT

### (For Infringement of the '473 Patent Against Nutriland [35 U.S.C. § 271])

64. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

65. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '473 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

66. AIDP provided Nutriland with actual knowledge of the '473 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '473 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

67. Nutriland's acts of infringement of the '473 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

68. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

69. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '473 Patent.

70. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

71. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

**SIXTH COUNT**

**(For Infringement of the '133 Patent Against Nutriland [35 U.S.C. § 271])**

72. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

73. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '133 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

74. AIDP provided Nutriland with actual knowledge of the '133 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '133 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

75. Nutriland's acts of infringement of the '133 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

76. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

77. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '133 Patent.

78. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

79. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## SEVENTH COUNT

**(For Infringement of the '132 Patent Against Nutriland [35 U.S.C. § 271])**

80. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

81. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the '132 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

82. AIDP provided Nutriland with actual knowledge of the '132 Patent via written notice. Nutriland's actions therefore constitute willful and intentional

infringement of the ‘132 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

83. Nutriland’s acts of infringement of the ‘132 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

84. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland’s infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

85. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland’s continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the ‘132 Patent.

86. AIDP is also entitled to its attorneys’ fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

87. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland’s knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

**EIGHTH COUNT**

**(For Infringement of the ‘118 Patent Against Nutriland [35 U.S.C. § 271])**

88. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

89. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the ‘118 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

90. AIDP provided Nutriland with actual knowledge of the '118 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '118 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

91. Nutriland's acts of infringement of the '118 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

92. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

93. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '118 Patent.

94. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

95. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## NINTH COUNT

**(For Infringement of the '301 Patent Against Nutriland [35 U.S.C. § 271])**

96. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

97. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the

'301 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

98. AIDP provided Nutriland with actual knowledge of the '301 Patent via written notice. Nutriland's actions therefore constitute willful and intentional infringement of the '301 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

99. Nutriland's acts of infringement of the '301 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

100. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

101. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the '301 Patent.

102. AIDP is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

103. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## TENTH COUNT

**(For Infringement of the '803 Patent Against Nutriland [35 U.S.C. § 271])**

104. AIDP repeats and incorporates by reference into this count the allegations set forth above as though fully set forth in this count.

105. In acting or failing to act as described above, Nutriland has in the past and continues to literally infringe or infringe under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, one or more claims of the ‘803 Patent by directly and/or indirectly manufacturing, importing, using, selling, and/or offering for sale or resale the patented invention, Magnesium L-Threonate.

106. AIDP provided Nutriland with actual knowledge of the ‘803 Patent via written notice. Nutriland’s actions therefore constitute willful and intentional infringement of the ‘803 Patent. AIDP also marks its products pursuant to 35 U.S.C. § 287.

107. Nutriland’s acts of infringement of the ‘803 Patent were undertaken and continue to be undertaken without permission or license from AIDP.

108. Upon information and belief, Nutriland derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to AIDP. AIDP has been damaged as a result of Nutriland’s infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

109. AIDP will also continue to suffer severe and irreparable harm for which AIDP has no adequate remedy at law. Nutriland’s continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, AIDP seeks a permanent injunction from this Court prohibiting Nutriland from infringing on the ‘803 Patent.

110. AIDP is also entitled to its attorneys’ fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

111. Further, AIDP is entitled to treble damages and/or exemplary damages because of Nutriland’s knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, AIDP respectfully prays that this Court enter judgment against Nutriland, as follows:

1. For an Order adjudging Nutriland to have willfully infringed on each of the Magtein Patents;

2. For an Order enjoining Nutriland from directly or indirectly infringing on each of the Magtein Patents;

3. For an accounting for all of Nutriland's gains, profits, and advantages derived by Nutriland's infringement on each of the Magtein Patents, and for an award of monetary damages adequate to compensate AIDP for AIDP's lost profits as a result of the past infringement and any continuing or future infringement up until judgment is entered, but in no event less than a reasonable royalty, costs, expenses, and pre-judgment and post-judgment interest for Nutriland's infringement on each of the Magtein Patents;

4. For an award of treble damages and/or exemplary damages because of Nutriland's willful conduct under 35 U.S.C. § 284;

5. For an Order that this is an exceptional case and for an award of attorneys' fees and costs under 35 U.S.C. § 285;

6. For an award of pre-judgment interest at the maximum legal rate in an amount to be proven at time of trial; and

7. For any other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AIDP demands a trial by jury on all issues triable to a jury.

Dated: June 4, 2021 LS CARLSON LAW, PC

By: /s/ *Paul Deese*
Paul Deese
Attorneys for Plaintiff AIDP, INC.